UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSHUA STROMINSKI, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 2:15-CV-122 RLM |
| | ) |
| ARCELORMITTAL USA, LLC, | ) |
| | ) |
| Defendant | ) |

OPINION and ORDER

ArcelorMittal USA, LLC removed Joshua Strominski's complaint to this court from the Lake County Circuit Court on March 31, 2015 based on 28 U.S.C. §§ 1332, 1441, and 1446. Because the jurisdictional allegations of the removal notice were deficient, the court issued an order directing ArcelorMittal to file an amended removal notice properly alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332. ArcelorMittal timely filed its amended removal notice on April 20.

The amended notice alleges, for purposes of diversity jurisdiction, that Mr. Strominski is an Indiana citizen and that ArcelorMittal USA LLC "is a limited liability company," as evidenced by the affidavit of Marc Jeske, who "details the multiple layers of limited liability companies that are above ArcelorMittal USA LLC until the ultimate member is reached, ArcelorMittal S.A. ArcelorMittal S.A. is a Luxembourg corporation with its principal place of business in Luxembourg.

Therefore, ArcelorMittal USA LLC is a citizen of Luxembourg." Amd. Not., ¶ 11. Mr. Jeske's affidavit is attached to the amended removal notice as Exhibit C.

ArcelorMittal has filed a motion to seal Mr. Jeske's affidavit because, the company says, the information Mr. Jeske provides about the organizational structure of ArcelorMittal entities "has been kept strictly confidential by ArcelorMittal USA LLC due to it detailing the internal corporate structure of ArcelorMittal USA LLC's ultimate parent company, ArcelorMittal S.A." Mot. to Seal, ¶¶ 2-3. ArcelorMittal says courts in this circuit have recognized that documents containing trade secrets or other confidential information may be sealed, specifically citing the court's decision in Swartz v. Wabash Nat'l Corp., No. 4:07-CV-70, 2009 WL 1606923, at *1 (N.D. Ind. June 8, 2009), granting a motion to seal documents that included an "e-mail on organizational structure." ArcelorMittal asks that Mr. Jaske's affidavit be sealed to prevent "the disclosure of confidential information to the general public." Mot. to Seal, ¶ 5.

The decision in Swartz is distinguishable in two important ways. First, the complaint in Swartz was based on federal question jurisdiction under 28 U.S.C. § 1331,[1] not on diversity jurisdiction, so information about Wabash National's organizational structure wasn't crucial to the issue of jurisdiction as it is in this case. In addition, the documents examined by the Swartz court, including the

---

[1] Ms. Swartz alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*; the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k); and the Equal Pay Act, 29 U.S.C. § 201 *et seq.*

2

cited email, "contain[ed] information about non-party employees of Wabash National, including salary information and evaluative assessments," 2009 WL 1606923, at *1, information not at issue here. *See* City of Greenville, IL v. Syngenta Crop Protection, Inc., No. 10-cv-188, 2012 WL 6023849, at *9 (S.D. Ill. Dec. 4, 2012) ("*Swartz [v. Wabash Nat'l Corp.]* is accepted for the proposition that the good cause standard is generally satisfied when exhibits reveal certain information about nonparty employees, including salary information and evaluative assessments. *Swartz* is not good authority for any other legal proposition.").

"Information that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure." United States v. Foster, 564 F.3d 852, 853 (7th Cir. 2009). ArcelorMittal hasn't pointed to any statute or privilege that would justify the non-disclosure of information about its organizational structure, nor has the company claimed that the information at issue contains "nonpublic financial information" or that "public disclosure would likely create a significant commercial advantage or disadvantage." City of Greenville, IL v. Syngenta Crop Protection, Inc., No. 10-cv-188, 2013 WL 1164788, at *3 (S.D. Ill. Mar. 19, 2013). ArcelorMittal hasn't demonstrated the need to maintain the confidentiality of their corporate structure, especially since the court's determination of whether ArcelorMittal's removal based on diversity jurisdiction was proper rests on ArcelorMittal's disclosure of that information.

ArcelorMittal wants to invoke this court's diversity jurisdiction while keeping its citizenship secret. Documents and other information that influence or underpin a judicial decision are to be "open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." United States v. Foster, 564 F.3d at 853. That the company wants to keep information about the various entities in its organizational structure secret "is not a valid reason for removing documents that influence or underpin a judicial decision from the public record in civil litigation." Signicast, LLC v. Fireman's Fund Ins. Co., 920 F. Supp. 2d 967, 970 (E.D. Wis. 2013); *see also* Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 693 (7th Cir. 2003) ("Champaign Market Place says that one of its members is another limited liability company that 'is asserting confidentiality for the members of the L.L.C.' It is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary. So federal jurisdiction has not been established.").

Based on the foregoing, the court DENIES ArcelorMittal's motion to seal the affidavit of Marc Jeske [docket # 5].

SO ORDERED.

ENTERED:   April 23, 2015

/s/ Robert L. Miller, Jr.
Judge, United States District Court