# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

JOSHUA STROMINSKI,          )
                                       )

     Plaintiff,             )
                                       )

     v.                        )       CAUSE NO.: 2:15-CV-122-PRC
                                       )

ARCELORMITTAL USA, LLC,   )
                                     )

     Defendant.           )

## OPINION AND ORDER

This matter is before the Court on a Motion for Extension of Time to Respond to Plaintiff's Qualified Settlement Offer [DE 30], filed on March 3, 2016, by Defendant ArcelorMittal USA, LLC. Defendants seek an extension of the statutory thirty-day period in which to respond to a qualified settlement offer made by Plaintiff Joshua Strominski pursuant to Indiana Code § 34-50-1-1 *et seq.* As will be explained below, Indiana Code § 34-50-1-6 is inapplicable in the instant federal case because § 34-50-1-6 is in direct conflict with Federal Rule 68.

The Court's subject matter jurisdiction in this case is predicated upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 65 (1938), and its progeny, "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Cntr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Gacek v. Am. Airlines, Inc.*, 614 F.3d 298, 301-302 (7th Cir. 2010).

When both a federal rule and a state law appear to govern a federal court sitting in diversity, the court first must determine whether the scope of the federal rule "answers the question in dispute." *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (citing *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987)). If the Federal Rule answers the question

in dispute, "it governs . . . unless it exceeds statutory authorization or Congress's rulemaking power" under the Rules Enabling Act. *Shady Grove*, 559 U.S. at 398 (citing *Burlington Northern*, 480 U.S. at 5; *Hanna v. Plumer*, 380 U.S. 460, 463-64 (1965)). Pursuant to the Enabling Act, the federal rules shall "not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Nevertheless, courts "do not wade into *Erie*'s murky waters unless the federal rule is inapplicable or invalid." *Shady Grove*, 559 U.S. at 398 (citing *Hanna*, 380 U.S. at 469-71).

Indiana Code § 34-50-1-6 provides for an award of attorney's fees, not to exceed $1,000, when a plaintiff, in a tort action, rejects a qualified settlement offer made by a defendant in accordance with the requirements of Indiana Code §§ 34-50-1-3 and 34-50-1-4 and the final judgment is less favorable to the plaintiff than the terms of the offer.

Federal Rule 68 provides that, if a defendant makes a settlement offer that is rejected and the plaintiff wins a smaller amount at trial, the plaintiff is liable for the costs incurred after the offer was made. *See* Fed. R. Civ. P. 68(d).

Here, the Indiana statute must give way because the Indiana statute requires that the offer of settlement be made more days in advance of trial (30 days) than Federal Rule 68 (14 days). *See* Ind. Code § 34-50-1-2; Fed. R. Civ. P. 68(a). This difference creates a sufficient inconsistency to render the Indiana statute inapplicable because both rules could not be applied if the offer were made in the window between 14 and 29 days before trial. *D.S. v. East Porter Cty. Sch. Corp.*, 981 F. Supp. 2d 805, 819 (N.D. Ind. 2013) (citing *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 312 (7th Cir. 1995)) (finding that Ind. Code § 34-50-1-1 *et seq.* does not apply to claims in federal court by supplemental jurisdiction).

Based on the foregoing, the Court hereby **DENIES as moot** the Motion for Extension of

Time to Respond to Plaintiff's Qualified Settlement Offer [DE 30].

SO ORDERED this 8th day of March, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT